J-S23028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                                :
         v.                       :
                                :
                                :
WALTER SMITH                     :
                                :
           Appellant           :     No. 2841 EDA 2022

Appeal from the PCRA Order Entered October 21, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0909821-1982.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:              **FILED JULY 28, 2023**

Walter Smith appeals *pro se* from the order denying his untimely filed petition pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

This Court previously summarized the pertinent facts and procedural history that began forty years ago as follows:

> On the night of July 31, 1982, [Smith] and his neighbor, Alfred Young, the victim, engaged in an argument relating to a fistfight between their daughters earlier that evening. [Smith] proceeded to stab the victim approximately seventeen times with a knife. The victim was pronounced dead later that evening at Temple University Hospital. [Smith] was arrested that same evening at Temple University Hospital, where he was receiving care for injuries suffered during the altercation.

> On January 24, 1983, following a nonjury trial, [Smith] was found guilty of first-degree murder, criminal conspiracy, and possession of an instrument of crime. On December 16, 1983, the trial court arrested judgment on the verdict of first-degree murder and substituted a verdict of guilt on the charge of third-

degree murder. The trial court sentenced [Smith] to concurrent terms of imprisonment of ten to twenty years for murder, five to ten years for conspiracy, and two and one-half to five years for possession of an instrument of crime. The Commonwealth appealed, and on November 3, 1986, this Court vacated the judgment of sentence and reinstated the verdict of murder in the first degree. We then remanded the case for disposition of [Smith's] remaining post-verdict motions and for resentencing.

On July 22, 1987, the trial court granted [Smith's] motion for arrest [of] judgment on the charge of criminal conspiracy and denied [Smith's] motion for a new trial. The trial court sentenced [Smith] to a term of life in prison for first-degree murder, and reinstated the previously imposed sentence of two and one-half to five years of imprisonment for possession of an instrument of crime. On July 30, 1987, the trial court denied [Smith's] motion for reconsideration of sentence.

[Smith] appealed to this Court on August 21, 1987, and we affirmed the judgment of sentence on July 15, 1988. *Commonwealth v. Smith*, 548 A.2d 643 (Pa. Super. 1988) (unpublished memorandum). The Pennsylvania Supreme Court denied [Smith's] petition for allowance of appeal on January 30, 1989. *Commonwealth v. Smith*, 521 Pa. 612, 557 A.2d 343 (1989). [Smith] did not seek review by the United States Supreme Court. Thus, his judgment of sentence became final on April 30, 1989.

Smith filed his first PCRA petition on June 13, 1989. The [PCRA] court denied the petition on April 6, 1994. This Court affirmed the [PCRA] court's denial of post[-]conviction relief on August 3, 1995. *Commonwealth v. Smith*, 668 A.2d 1198 (Pa. Super. 1995) (unpublished memorandum).

*Commonwealth v. Smith*, No. 915 EDA 2001 (Pa. Super. 2002), unpublished memorandum at 1-3.

Smith filed a second PCRA petition on March 26, 2001. On June 18, 2001, the PCRA court denied the petition as untimely filed. Smith appealed to this Court. On February 20, 2002, we rejected Smith's claims that he could

meet an exception to the PCRA's time bar and affirmed the denial of post-conviction relief. **Smith**, **supra**.

On August 22, 2012, Smith filed his third PCRA petition in which he claimed that his life sentence was illegal in light of the United States Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012). For reasons unclear from the record, no action was taken on this petition for ten years.[1] On August 18, 2022, the PCRA court issue a Pa.R.Crim.P. 907 notice of its intent to dismiss Smith's petition because it was untimely filed, and because Smith failed to establish a time-bar exception. Smith filed a response. By order entered October 21, 2022, the PCRA court denied the petition. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Smith raises the following six issues on appeal:

I.    Has [Smith] been denied due process and equal protection of the law guaranteed by both the state and federal constitutions?

II.    Is [Smith] currently sentenced via a selective application of the law, while being similarly situated to those given this selective application, without any statutory authority to make such a distinction under Pennsylvania law?

III.    Is [Smith] serving a mandatory minimum life sentence as a result of the application of a statute that has been voided by the Pa. Supreme Court's use of [its] severance power[?]

---

[1] On February 13, 2015, Smith filed a petition for writ of *habeas corpus*, which the court treated as a supplement to Smith's PCRA petition.

IV. Has [Smith] been deprived of due process and equal protection of the law, due to the defective and unconstitutional nature of the [PCRA]?

V. Has [Smith's] writ of habeas corpus been unconstitutionally converted into a [PCRA petition], since [its] very enactment is violative of the suspension clause of the state and federal constitutions?

VI. Has the Commonwealth's failure to give adequate notice of the charges against [Smith], and the ambiguity as it relates to the [permissible] range of sentences he would face if convicted, deprived [Smith] of his right to adequate notice in violation of both the state and federal constitutions?

Smith's Brief, at 1-2 (unnumbered) (excess capitalization omitted).

Smith challenges the denial of his most recent attempt to obtain post-conviction relief. Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. *Commonwealth v. Blakeney*, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id.*

Before addressing the six issues Smith has raised, we must first determine whether the PCRA court correctly concluded that Smith's third petition was untimely filed, and that Smith failed to establish an exception to the time bar.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment

- 4 -

becomes final unless the petition alleges, and the petitioner proves, that an exception to the time bar is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, as this Court previously noted, Smith's judgment of sentence became final on April 30, 1989, ninety days after our Supreme Court denied his petition for allowance of appeal, and the time for filing a petition for writ

of *certiorari* to the United States Supreme Court expired. § 9545(b)(3).[2] Because Smith filed the serial petition at issue in 2012, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Smith cannot establish a time-bar exception. As noted by the PCRA court, in his 2012 petition, Smith attempted to satisfy the newly-recognized right exception based on ***Miller***, ***supra***.

The new constitutional right exception to the deadline for filing a PCRA petition has two requirements: first, it provides that the right asserted is a constitutional right that was recognized by the federal Supreme Court or the state Supreme Court after the time provided in the PCRA; and second, it provides that the right has been held by that Court to apply retroactively; thus a petitioner must prove that there is a "new" constitutional right and that that right "has been held" by that Court to apply retroactively. ***Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa. Super. 2014).

Here, the PCRA court explained why, even though Smith filed his third petition shortly after the ***Miller*** decision, he "did not present a claim falling within the ambit of the Supreme Court's decision" in ***Miller***:

> Although the United States Supreme Court in ***Montgomery v. Louisiana***, [136 S.Ct. 718 (2016, *as revised* (Jan. 27, 2016))] ruled that ***Miller*** has retroactive effect in cases on state collateral

---

[2] Because April 30, 1989, fell on a Sunday, Smith actually had until May 1, 1989, to file his writ of *certiorari* with the United States Supreme Court. ***See generally***, U.S.Sup.Ct.R. 30.1.

review, the **Miller** holding specifically limited itself to juveniles under the age of eighteen years at the time of the offense who were sentenced to a mandatory term of life imprisonment without parole. **See Miller**, 132 S.Ct. at 2460. Instantly, [Smith's] date of birth is 3/3/1962 and the murder occurred on 7/31/82, making him twenty-years-old on the date of the offense. **See Commonwealth v. Lee**, 206 A.3d 1, 11 (Pa. Super. 2019) [(*en banc*)] (holding "that age is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar an . . . declin[ing] to extend its categorical holding"). Therefore, [Smith] has failed to invoke the timeliness exception codified under subsection 9545(b)1)(iii).

PCRA Court Opinion, 11/1/22, at 1-2 (footnote omitted).

Our review of the record supports the PCRA court's conclusion. Therefore, this Court, like the PCRA court, is without jurisdiction to consider the merits of this appeal. **Derrickson**, **supra**. We thus affirm the PCRA court's order denying Smith's third PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2023